**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PHILLIP BRIAN JEFFERSON, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:09-CR-0324-WSD-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-0525-WSD-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter is currently before the Court on movant Phillip Brian Jefferson's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 104], the government's response, [Doc. 111], and petitioner's reply, [Doc. 115]. For the following reasons, the undersigned **RECOMMENDS** that Jefferson's § 2255 motion be denied.

**I.  PROCEDURAL HISTORY**

A federal grand jury in the Northern District of Georgia returned a three-count indictment charging Jefferson in Count One with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e); in Count Two with possession with intent to distribute a mixture and substance containing a detectible amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and in Count Three with

possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. 9]. Jefferson, represented by Steven H. Sadow, pleaded guilty to Count Two, pursuant to a negotiated plea agreement in which the government agreed to dismiss any and all remaining counts. [Doc. 84-1 at 1, 3; Doc. 107].

The plea agreement included a limited waiver of appeal, which provides that Jefferson

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Jefferson] may file a direct appeal of: (1) an upward departure or a variance from the sentencing guideline range as calculated by the district court; and/or (2) the Court's adverse determination in Doc. No. 75 of his Motion to Suppress Evidence, Doc. Nos. 17 and 69.

[Doc. 84-1 at 8]. This provision of the plea agreement further provides that Jefferson may file a cross appeal if the government appeals the sentence. [Id.]. Jefferson signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 10-11].

At the plea hearing, Jefferson was placed under oath and confirmed that he had not consumed any alcohol, prescription medications, or illegal drugs within the past twenty-four hours. [Doc. 107 at 3-5]. The Court explained to Jefferson the rights he was giving up in pleading guilty, and Jefferson stated that he understood and was willing to give up those rights. [Id. at 5-11]. The prosecutor reviewed the terms of the plea agreement, including the appeal waiver, and Jefferson agreed with the prosecutor's description of the plea agreement. [Id. at 12-17]. Jefferson acknowledged that no one had threatened or forced him to plead guilty and that no one had threatened that further charges would be brought against him or that other adverse action would be taken against him if he did not plead guilty. [Id. at 17-18]. Jefferson also confirmed that no one had promised him anything not contained in the plea agreement, told him what actual sentence he would receive, or suggested that he not tell the complete truth. [Id. at 18]. Jefferson further affirmed that he had sufficient time to consider and discuss the matter with his attorney before entering his plea and that he was satisfied with counsel's representation. [Id. at 20].

Next, the prosecutor described the elements of the offense charged in Count Two, and Jefferson acknowledged that he understood and agreed with the prosecutor's description. [Id. at 21-22]. Jefferson also understood that, as to Count Two, he faced

3

a possible maximum sentence of twenty years of imprisonment. [Id. at 22]. The Court also discussed the United States Sentencing Guidelines with Jefferson and explained that the guideline recommendation is only advisory so the Court could impose a sentence above or below that range. [Id. at 23-26]. The Court then reviewed the terms of the appeal waiver and its consequences, noting that the three exceptions to the waiver only applied to appeals and "do not relate to collaterally attacking anything." [Id. at 27-28]. Jefferson affirmed that he understood the effect of the waiver. [Id. at 28]. Jefferson further acknowledged that he could not later withdraw his plea even if his sentence was more severe than he expected and that the Court could reject the government's sentencing recommendations contained in the plea agreement. [Id. at 28, 30-31].

The prosecutor then summarized what the evidence would show if the case went to trial. [Id. at 31-33]. Jefferson admitted that he intended to distribute the cocaine found in his car, that he possessed the gun found in his car, and that he was guilty of possession with intent to distribute cocaine. [Id. at 34-35]. The Court accepted Jefferson's plea. [Id. at 37-38].

At the sentencing hearing, the Court determined that Jefferson's guideline range was 151 to 188 months of imprisonment. [Doc. 108 at 3]. Jefferson moved for a

4

downward variance and asked the Court to impose a sentence of 120 months of imprisonment, and the government agreed with this recommendation. [Id. at 6-13]. The Court sentenced Jefferson to 120 months of imprisonment. [Id. at 27; Doc. 89].

Jefferson filed a timely notice of appeal. [Doc. 90]. On December 29, 2011, the United States Court of Appeals for the Eleventh Circuit affirmed Jefferson's conviction, rejecting his sole argument that the cocaine and gun found in his car after a traffic stop should have been suppressed. United States v. Jefferson, 451 F. App'x 833 (11th Cir. 2011) (per curiam).

On February 15, 2013, Jefferson timely filed this pro se § 2255 motion, arguing that (1) he did not knowingly and voluntarily waive his right to collaterally attack his sentence because his attorney provided him ineffective assistance by advising him to stipulate to the applicability of the career offender guideline, (2) his aggravated assault conviction is not a crime of violence for purposes of the career offender guideline because it was based on an Alford[1] plea, and (3) his counsel provided him ineffective assistance during sentencing by failing to object to his designation as a career offender.

---

[1] North Carolina v. Alford, 400 U.S. 25, 37 (1970) (the court may accept a defendant's guilty plea despite his claims of innocence where "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt").

5

[Doc. 104 at 4-5, 7; Doc. 104-1 at 3-10]. The government responds that Jefferson's appeal waiver is valid and he has not shown deficient performance by counsel during the plea process, that his claims of sentencing error and ineffective-assistance during sentencing are barred by his valid appeal waiver, and that his claims also fail on the merits. [Doc. 111 at 12-31]. Petitioner replies, in pertinent part, that the appeal waiver is invalid because the Court did not advise him "that he had any right to federal habeas review."[2] [Doc. 115 at 4-5].

## II.  DISCUSSION

### A.  Legal Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States

---

[2] This assertion is belied by the record, which reveals that the Court specifically advised Jefferson that by agreeing to the appeal waiver, he had also "agreed not to collaterally attack, which is a fancy legal way of saying filing a separate lawsuit to challenge [his] sentence or conviction" and that the exceptions to the appeal waiver "do not relate to collaterally attacking anything." [Doc. 107 at 27].

v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

**B.    Analysis**

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation omitted). "[F]or a sentence-appeal waiver to be enforceable, '[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.'" Id. (citation omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack

7

upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

At the plea hearing, the Court specifically questioned Jefferson about the appeal waiver, and it is clear that Jefferson understood the full significance of the waiver. [Doc. 107 at 15-17, 27-28]. Thus, the undersigned finds that Jefferson knowingly and voluntarily waived his right to appeal his convictions and sentences and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e., a government appeal, a sentence that exceeds the guideline range as calculated by the Court, or the denial of Jefferson's suppression motion, do not apply here.

Jefferson's claim that counsel provided him ineffective assistance during the plea process is not barred by his appeal waiver. Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam) (unpublished). To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted). Jefferson

8

has the burden of affirmatively proving prejudice. Gilreath v . Head, 234 F.3d 547, 551 (11th Cir. 2000).

Jefferson contends that counsel should not have advised him to stipulate to the applicability of the career offender guideline because his prior aggravated assault conviction, which was the result of an Alford plea, could not constitute a crime of violence for purposes of that guideline. [Doc. 104-1 at 3-7]. Relying on Shepard v. United States, 544 U.S. 13 (2005), Jefferson maintains that the Court must consider the factual basis for his plea to determine whether his prior conviction qualified as a predicate offense for career offender purposes and that there is no factual basis for his prior conviction because he "never admitted to the conduct comprising the charges." [Id. at 6]. Petitioner also cites United States v. Savage, 542 F.3d 959, 964-67 (2d Cir. 2008), which held that a defendant's Alford plea to a Connecticut drug offense that also criminalized conduct outside the definition of a controlled substance offense under the career offender guideline did not establish that the conduct for which the defendant was convicted fell within that definition, and United States v. Alston, 611 F.3d 219, 221 (4th Cir. 2010), which held that a defendant's Alford plea to a Maryland charge for second-degree assault "did not *necessarily* rest on facts establishing his participation in a type of assault that qualifies as a violent felony" under the Armed

9

Career Criminal Act ("ACCA") and thus, did not qualify as an ACCA predicate offense. [Doc. 104-1 at 6-7].

In this case, the Court did not need to consider the facts underlying Jefferson's prior conviction because it could "make the 'crime of violence' determination" based on the "statutory definition of the prior offense." United States v. Lockley, 632 F.3d 1238, 1240 (11th Cir.), cert. denied, 132 S. Ct. 257 (2011). The career offender guideline defines a "crime of violence" as an offense punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). This includes "aggravated assault." Id., app. n.1. Jefferson was convicted of aggravated assault with a deadly weapon in the Superior Court of Fulton County on or about February 13, 2002. [Doc. 9 at 1]. Georgia law provides that "a person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." O.C.G.A. § 16-5-21(a)(2). This offense qualifies as a crime of violence because it involves the use of physical force against another person. See United States v. Dominquez, 426 F. App'x 715, 717 (11th Cir. 2013) (per curiam) (Considering only the statutory elements of the offense, the

Eleventh Circuit concluded that a Florida conviction for aggravated assault with a deadly weapon qualified as "crime of violence" for purposes of a career offender enhancement.); Green v. United States, Nos. CV408-193, CR407-042, 2009 WL 6496558, at *6 n.11 (S.D. Ga. Sept. 23, 2009) (finding that Georgia conviction for aggravated assault with a deadly weapon qualifies as crime of violence under career offender guideline), report and recommendation adopted by, 2010 WL 2044502, at *1 (May 21, 2010).

Accordingly, Jefferson fails to show that counsel's advice to stipulate to the application of the career offender guideline was unreasonable. Additionally, Jefferson does not allege that he would not have pleaded guilty and would have insisted on going to trial but for counsel's advice. Thus, Jefferson has failed to show deficient performance by counsel or prejudice. See Hill, 474 U.S. at 57, 59.

Jefferson's valid appeal waiver bars his claims of sentencing error and ineffective assistance of counsel during sentencing. See Williams, 396 F.3d at 1342. In any event, Jefferson's challenge to his career offender sentence fails on the merits for the reasons stated. Counsel's failure to raise this meritless objection at sentencing did not constitute ineffective assistance. See Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 915 (11th Cir. 2009) (holding that an attorney's failure to raise a meritless

11

claim "cannot constitute ineffective assistance of counsel"). Therefore, Jefferson is not entitled to collateral relief.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Jefferson's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

AO 72A
(Rev.8/82)

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 104], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 16th day of September, 2013.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)