IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHILLIP BRIAN JEFFERSON<br>a/k/a PHILLIP JEFFERSON,<br><br>　　　　　Movant,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | CRIMINAL ACTION NO.<br>1:09-cr-324-WSD<br><br>CIVIL ACTION NO.<br>1:13-cv-525-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [116] ("R&R"), recommending denial of Movant Phillip Brian Jefferson's ("Jefferson") Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [104] ("2255 Motion"). Also before the Court is Jefferson's "Pro Se Motion for Leave to File Objections to Report and Recommendation Out-of-Time" [118].

## I.   BACKGROUND[1]

A federal grand jury in the Northern District of Georgia returned a three-count indictment charging Jefferson in Count One with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e); in Count Two with possession with intent to distribute a mixture and substance containing a detectible amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and in Count Three with possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A).  ([9]).  Jefferson was represented by Steven H. Sadow.  Jefferson pleaded guilty to Count Two, in accordance with a negotiated plea agreement in which the government agreed to dismiss the remaining counts.  ([84-1] at 1, 3; [107]).

The plea agreement included a limited waiver of appeal, which provides that Jefferson

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceedings (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground,

---

[1]   The facts are taken from the R&R and the record.  The parties have not objected to any specific facts in the R&R, the Court finds no plain error in them, and the Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

> except that [Jefferson] may file a direct appeal of: (1) an upward departure or a variance from the sentencing guideline range as calculated by the district court; and/or (2) the Court's adverse determination in Doc. No. 75 of his Motion to Suppress Evidence, Doc. Nos. 17 and 69.

([84-1] at 8). The plea agreement also provides that Jefferson may file a cross appeal if the government appeals the sentence. (Id.). Jefferson signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(Id. at 10-11).

At the plea hearing, Jefferson was placed under oath, and he confirmed that he had not consumed any alcohol, prescription medications, or illegal drugs within the past twenty-four hours. ([107] at 3-5). The Court explained to Jefferson the rights he was giving up by pleading guilty, and Jefferson stated that he understood and was willing to give up those rights. (Id. at 5-11). The prosecutor reviewed the terms of the plea agreement, including the appeal waiver, and Jefferson agreed with the prosecutor's description of the plea agreement. (Id. at 12-17). Jefferson acknowledged that no one had threatened or forced him to plead guilty and that no

3

one had threatened that further charges would be brought against him or that other adverse action would be taken against him if he did not plead guilty. (Id. at 17-18). Jefferson also confirmed that no one had promised him anything not contained in the plea agreement, told him what actual sentence he would receive, or suggested that he not tell the complete truth. (Id. at 18). Jefferson further affirmed that he had sufficient time to consider and discuss the matter with his attorney and that he was satisfied with his counsel's representation. (Id. at 20).

    The government next described the elements of the offense charged in Count Two, and Jefferson acknowledged that he understood and agreed with the description. (Id. at 21-22). Jefferson also understood that he faced a possible maximum sentence of twenty (20) years of imprisonment for Count Two. (Id. at 22). The Court discussed the United States Sentencing Guidelines with Jefferson and explained that the guideline recommendation is only advisory, and that the Court could impose a sentence above or below that range. (Id. at 23-26). The Court then reviewed the terms of the appeal waiver and its consequences, noting that the three exceptions to the waiver applied only to appeals and "do not relate to collaterally attacking anything." (Id. at 27-28). Jefferson affirmed that he understood the effect of the waiver. (Id. at 28). He further acknowledged that he

could not alter or withdraw his plea even if his sentence was more severe than he expected, and that the Court could reject the government's sentencing recommendations contained in the plea agreement. (Id. at 28, 30-31).

The government summarized what the evidence would show if the case went to trial. (Id. at 31-33). Jefferson admitted that he intended to distribute the cocaine found in his car, that he possessed the gun found in his car, and that he was guilty of possession with intent to distribute cocaine. (Id. at 34-35). The Court accepted Jefferson's plea. (Id. at 37-38).

The Court determined that Jefferson's guideline range was 151 to 188 months of imprisonment. ([108] at 3). Jefferson moved for a downward variance, and asked the Court to impose a sentence of 120 months. (Id. at 6-13). The Court sentenced Jefferson to 120 months of imprisonment. (Id. at 27; [89]).

On April 6, 2011, Jefferson filed a timely notice of appeal [90]. On December 29, 2011, the Eleventh Circuit affirmed Jefferson's conviction, rejecting his sole argument that the cocaine and gun found in his car after a traffic stop should have been suppressed. United States v. Jefferson, 451 F. App'x 833 (11th Cir. 2011) (per curiam).

On February 15, 2013, Jefferson filed his *pro se* 2255 Motion. In it, he argues that (1) he did not knowingly and voluntarily waive his right to collaterally attack his sentence because his attorney provided him ineffective assistance by advising him to stipulate to the applicability of the career offender guideline, (2) his aggravated assault conviction is not a crime of violence for purposes of the career offender guideline because it was based on an Alford[2] plea, and (3) his counsel provided him ineffective assistance during sentencing by failing to object to his designation as a career offender. (2255 Motion at 4-5, 7; [104-1] at 3-10).

On September 16, 2013, the Magistrate Judge issued his R&R, recommending denial of Jefferson's 2255 Motion. The Magistrate based his recommendation on the record showing Jefferson knowingly and voluntarily waived his right to appeal his convictions, and determined that Jefferson's valid appeal waiver bars his challenge to his career offender sentence. (R&R at 8, 11-12). He further found that the Court properly determined that Jefferson's aggravated assault conviction was a "crime of violence" for purposes of the career

---

[2] North Carolina v. Alford, 400 U.S. 25, 37 (1970) (the court may accept a defendant's guilty plea despite his claims of innocence where "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt").

6

offender guideline by looking to the statutory definition of the prior offense. (Id. at 9-10). The Magistrate Judge recommended that a certificate of appealability not be issued. (Id. at 12).

On October 10, 2013, Jefferson filed his Pro Se Motion for Leave to File Objections to Report and Recommendation Out-of-Time ("Motion for Leave"). The same day, he filed his objections to the R&R [119] (the "Objections").[3] In his Motion for Leave, Jefferson claims that, after receiving the R&R, the penitentiary where he is located twice was placed on total lockdown, preventing him from accessing the Legal Law Library. (Mot. at 1). Jefferson objects to the R&R on the grounds that (1) his counsel was ineffective because he should have investigated whether Jefferson's aggravated assault conviction qualified as a predicate offense for purposes of the career offender guideline, (2) the Magistrate erred in failing to address the need for an evidentiary hearing; and (3) the Magistrate erred in recommending that a certificate of appealability not be issued.

---

[3] The Motion for Leave and Objections, while docketed on October 17, 2013, are deemed filed on October 10, 2013, the date Jefferson provided the documents to prison officials for mailing. See Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014); see also Houston v. Lack, 487 U.S. 266, 276 (1988).

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   *Standard of Review on an R&R*

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Objections to a magistrate judge's final report and recommendation must be filed within fourteen (14) days of being served with a copy of the recommended disposition.  Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2).

#### 2.   *Section 2255 Motions*

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

8

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted).

B.   Analysis

Jefferson filed his Objections ten (10) days after the September 30, 2013, deadline. In light of his *pro se* status,[4] the Court considers his Objections as if they were timely filed, and conducts its review *de novo*. See 28 U.S.C. § 636(b)(1).

Jefferson objects to the R&R on the grounds that (1) his counsel was ineffective because he should have investigated whether Jefferson's aggravated assault conviction qualified as a predicate offense for purposes of the career offender guideline, (2) the Magistrate erred in failing to address the need for an evidentiary hearing; and (3) the Magistrate erred in recommending that a certificate of appealability not be issued.

---

[4]   The Eleventh Circuit has "long embraced the principle that *pro se* briefs should be construed liberally." Pieschacon Quijano v. U.S. Atty. Gen., 460 F. App'x 884, 887 (11th Cir. 2012) (citing Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005)).

9

Jefferson does not object to the Magistrate Judge's finding that he voluntarily and intelligently waived his right to appeal his conviction and sentence and to pursue any other collateral post-conviction relief. The Magistrate found that "the only exceptions to this waiver, i.e., a government appeal, a sentence that exceeds the guideline range as calculated by the Court, or the denial of Jefferson's suppression motion, do not apply here." (R&R at 8). The Court finds no plain error in these findings or recommendations.[5]

### 1.   *Ineffective Assistance of Counsel*

The Magistrate Judge determined that Jefferson's appeal waiver does not bar his claim that counsel provided him ineffective assistance during the plea process. (R&R at 8). The Court finds no plain error in this finding and recommendation.

---

[5]   "It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). "[F]or a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the plea colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. (internal quotations and brackets omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

See Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (challenge to the validity of guilty plea not barred by appeal waiver).

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a Section 2255 movant must show (1) that the advice he received from counsel "fell below an objective standard of reasonableness," and (2) the existence of prejudice by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citing Strickland v. Washington, 466 U.S. 668 (1984)). Jefferson has the burden of affirmatively proving prejudice. Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000).

In his Objections, Jefferson argues that "counsel had a duty to investigate and to insure that the predicate offense used to trigger Career Offender's Treatment, was a qualifying offense." (Obj. at 2). He argues that the Court must consider the factual basis for his plea to determine whether his prior conviction qualified as a predicate offense for his career offender purposes, and that the facts show he never admitted his guilt. (Id. at 3).

11

The Court agrees with the Magistrate Judge that the Court was not required to consider the facts underlying Jefferson's prior conviction, because it could "make the 'crime of violence' determination" based on the "statutory definition of the prior offense." United States v. Lockley, 632 F.3d 1238, 1240 (11th Cir.), cert. denied, 132 S. Ct. 257 (2011) ("A court may examine the underlying facts of the conviction only if ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself." (quotations omitted)); see also United States v. Romo-Villalobos, 674 F.3d 1246, 1248 (11th Cir. 2012) (a court must look to the "fact of conviction and the statutory definition of the prior offense" to "determine whether a prior conviction is a qualifying offense for sentencing enhancement purposes").

The career offender guideline defines a "crime of violence" as an offense punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Jefferson was convicted of aggravated assault with a deadly weapon in the Superior Court of Fulton County, Georgia. ([9] at 1). Under Georgia law, "a person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument

12

which, when used offensively against a person, is likely to or actually does result in serious bodily injury." O.C.G.A. § 16-5-21(a)(2).  This offense qualifies as a crime of violence because it involves the use, attempted use, or threatened use of physical force against the person of another.[6,7]  See United States v. Dominguez, 426 F. App'x 715, 717 (11th Cir. 2011) (per curiam) (considering only the statutory elements of the offense, holding that a Florida conviction for aggravated assault with a deadly weapon qualified as a "crime of violence" for purposes of the career offender enhancement because it involved the threatened use of physical force against a victim); United States v. Smith, 417 F. App'x 911, 917 (11th Cir. 2011) (finding Georgia aggravated assault is a crime of violence under U.S.S.G. § 4B1.2(a)); Sanders v. United States, 1:04-cr-193, 2008 WL 345701, at *12 (N.D. Ga. Feb. 5, 2008) (same).  Accordingly, Jefferson fails to show that his counsel's advice to stipulate to the application of the career offender guideline was

---

[6]     Additionally, the first application note to Section 4B1.2 explains that "[c]rimes of violence" includes aggravated assault. U.S.S.G. § 4B1.2, comment n.1.  This commentary is authoritative and binding in the Eleventh Circuit.  See Denson v. United States, ⎯⎯ F.3d ⎯⎯, 2015 WL 5719466, at *2 (11th Cir. 2015).

[7]     In Georgia, aggravated assault is punishable by a term of imprisonment of at least one year.  O.C.G.A. § 16-5-21.

unreasonable, and his ineffective assistance of counsel claim fails. See Hill, 474 U.S. at 57.

To the extent Jefferson argues that the Court erred in its sentencing determination, the Court agrees with the Magistrate that "Jefferson's valid appeal waiver bars his claims of sentencing error and ineffective assistance of counsel during sentencing." (R&R at 11 (citing Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005))). In any event, Jefferson's challenge to his career offender sentence fails on the merits for the reasons stated above.[8] The Court further agrees with the Magistrate Judge's determination that counsel's failure to raise this meritless objection at sentencing did not constitute ineffective assistance. See Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 915 (11th Cir. 2009) (an attorney's failure to raise a meritless claim "cannot constitute ineffective assistance of counsel").

---

[8] Jefferson's argument that his Alford plea to aggravated assault does not constitute a conviction also is meritless. See United States v. Ramirez-Gonzalez, 755 F.3d 1267, 1273 (11th Cir. 2014) ("The fact that his conviction was based on an *Alford* plea is immaterial [to the sentencing enhancement determination] because the collateral consequences of an *Alford* plea are no different than those of an ordinary guilty plea.").

14

Jefferson next argues that the Magistrate applied the wrong prejudice standard.  The Magistrate applied the prejudice standard articulated in Hill, which requires a movant to show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  (R&R at 8 (citing Hill, 474 U.S. at 59)).  Jefferson argues that the proper standard requires a showing that, "but for counsel's errors . . . he would received [sic] less time in jail."  (Obj. at 4 (citing Glover v. United States, 531 U.S. 198 (2001))).

The Court need not "address both components of the [ineffective assistance of counsel] inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.  In any case, the Court finds the Magistrate applied the correct standard, because the Hill prejudice standard applies "[i]n the context of guilty pleas."  Hill, 474 U.S. at 59; see also Diveroli v. United States, ⎯⎯ F.3d ⎯⎯, 2015 WL 5915846, at *3-4 (11th Cir. 2015) (applying Hill standard where movant entered a guilty plea and later argued "that his counsel's miscalculation of his sentencing exposure violated his right to effective counsel under the Sixth Amendment").  Jefferson has failed to allege that he would not have pleaded guilty and would have insisted on going to trial but for counsel's advice.  Jefferson's

15

ineffective assistance of counsel claim is required to be denied for this reason as well. Id.

    2. *Evidentiary Hearing*

Jefferson next objects that "[t]he Magistrate Judge . . . failed to address the need for a[n] evidentiary hearing," which he argues is necessary to "establish a record regarding the merit of claims asserted and his entitlement to relief." (Obj. at 4-5). In support of his argument, Jefferson cites to Rule 8(a)[9] of the Rules Governing Section 2255 Proceedings, which provides that, "[i]f the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."[10]

A movant is entitled to an evidentiary hearing in the district court "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Bain v. United States, 565 F. App'x 827, 828 (11th Cir. 2014) (citing 28 U.S.C. § 2255(b)). "[A] district court need not hold an

---

[9]   Jefferson cites to "Rule 89a)," which appears to be a typographical error.
[10]   He also cites to Diaz v. United States, which holds that, to proceed to an evidentiary hearing, "[a] petitioner need only *allege*—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." 507 F. App'x 849, 851 (11th Cir. 2013) (quotations omitted).

16

evidentiary hearing where the movant's allegations 'are affirmatively contradicted by the record, or the claims are patently frivolous . . . .'" Id. (citing Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)).

The record before the Court demonstrates that relief is not warranted. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted). Jefferson is incorrect that the Magistrate failed to address the need for an evidentiary hearing. The Magistrate determined—and the Court agrees—that an evidentiary hearing is not required in this case. (R&R at 7).

      3.    *Certificate of Appealability*

Jefferson next objects to the Magistrate Judge's recommendation that a certificate of appealability be denied. He argues that he has "established that the applicability of a Alford's [sic] as a predicate offense is debatable among jurists of reason." (Obj. at 6).

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for Section 2255 relief "cannot take an appeal unless a circuit justice or a

circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings provides, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted).

   As discussed above, Jefferson's valid appeal waiver bars his claims of sentencing error and ineffective assistance of counsel during sentencing. Williams, 396 F.3d at 1342. Binding authority also holds that the fact that Jefferson's aggravated assault "conviction was based on an Alford plea is immaterial" to the Court's sentencing enhancement determination. United States v. Ramirez-Gonzalez, 755 F.3d 1267, 1273 (11th Cir. 2014) ("[T]he collateral consequences of an *Alford* plea are no different than those of an ordinary guilty

plea."). The Court agrees with the Magistrate Judge that, based on the discussion above, the resolution of the issues presented is not debatable by jurists of reason, and a certificate of appealability is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Movant Phillip Brian Jefferson's ("Jefferson") "Pro Se Motion for Leave to File Objections to Report and Recommendation Out-of-Time" [118] is **GRANTED**.

**IT IS FURTHER ORDERED** that Jefferson's Objections [119] to the Final Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [116] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Jefferson's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [104] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 23rd day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE